

# PLEA AGREEMENT

| Subject:<br>United States v. John Louis Blalack<br>Criminal No. 3:15cr1HTW-FKB | Date:<br>January 7, 2015 |
|---|---|

To:

Robert Waller
Waller & Waller
Attorneys at Law
220 South President Street
Jackson, Mississippi 39201

From:

Sheldon L. Beer
Trial Attorney
Paige M. Fitzgerald
Deputy Chief
Civil Rights Division
U.S. Department of Justice

John Louis Blalack, Defendant herein, and Robert Waller, attorney for Defendant, have been notified and understand and agree to the items contained herein, as well as in the Plea Supplement, and that:

1. **Count of Conviction.** It is understood that, as of the date of this plea agreement, Defendant and Defendant's attorney have indicated that Defendant desires to waive Indictment and plead guilty to Counts 1 and 2 of the Information charging him with two violations of Title 18, United States Code, Section 249, Hate Crimes Involving Actual or Perceived Race or Color. The defendant has read the charges against him contained in the Information and the charges have been fully explained to him by his attorney. The defendant fully understands the nature and elements of the crimes with which he has been charged. The defendant enters this plea because he is in fact guilty of the crimes charged in Counts 1 and 2 of the Information and agrees that this plea is voluntary and not the result of force or threats.

**Sentence.** Defendant understands that the penalty for the offenses charged in Count 1 and 2 of the Information, charging a violation of Title 18, United States Code, Section 249, is not

more than (10) ten years imprisonment for each count; a term of supervised release of not more than 3 years for each count; and a fine of up to $250,000, for each count. Defendant further understands that if a term of supervised release is imposed, that term will be in addition to any prison sentence Defendant receives; further, if any of the terms of Defendant's supervised release are violated, Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to Defendant's violation of those conditions. It is further understood that the Court may require Defendant to pay restitution in this matter in accordance with applicable law. Defendant further understands that Defendant is liable to make restitution for the full amount of the loss determined by the Court, to include relevant conduct, which amount is not limited to the count of conviction. Defendant further understands that if the Court orders Defendant to pay restitution, restitution payments cannot be made to the victim directly but must be made to the Clerk of Court, Southern District of Mississippi.

3.  **Elements of the Offenses of Conviction**. The defendant understands that in order to prove his guilt of Counts 1 and 2 of the Information, 18 U.S.C. § 249, Hate Crime Involving Actual or Perceived Race or Color, the government would have to prove beyond a reasonable doubt the following elements:

> *First:* That the defendant, aiding and abetting his co-conspirators, caused bodily injury to the victim and/or used a dangerous weapon while attempting to cause bodily injury to the victim;
>
> *Second:* That the defendant acted because of the perceived race or color of the victim;
>
> *Third:* That the defendant acted willfully.

4.  **Aiding and Abetting Liability**. As to Counts 1 and 2, the defendant specifically acknowledges that pursuant to Title 18, United States Code, Section 2(a), "[w]hoever commits an

2

offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." Defendant further admits to (1) associating himself with the unlawful venture (violating Title 18, United States Code, Section 249), (2) purposefully participating in the criminal venture, and (3) taking actions to make it succeed.

5. **Pinkerton Liability.** As to Counts 1 and 2, the defendant specifically acknowledges that these offenses took place as part of a conspiracy to commit hate crimes as defined above in Jackson, Mississippi between mid-April, 2011 and March 22, 2012, and that he was a co-conspirator in the conspiracy. Defendant further acknowledges that Defendant is thus responsible for offenses committed by another co-conspirator if Defendant was a member of the conspiracy at the time the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

6. **Breach of This Agreement and Further Crimes.** It is further understood that should Defendant fail or refuse as to any part of this plea agreement or commit any further crimes, then, at its discretion, the U.S. Attorney may treat such conduct as a breach of this plea agreement and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney has not sought as a result of this plea agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause, and any federal criminal violation of which this office has knowledge.

7. **Financial Obligations.** It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, Section 3013, to the Office of the United States District Court Clerk; Defendant shall thereafter produce proof of payment to the U.S. Attorney or the U.S. Probation Office. If the Defendant is adjudged to be indigent, payment of the special assessment at the time

the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while Defendant is incarcerated. Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613. Furthermore, Defendant agrees to complete a Department of Justice Financial Statement no later than the day the guilty plea is entered and provide same to the undersigned AUSA. Defendant also agrees to provide all of Defendant's financial information the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant understands and agrees that Defendant shall participate in the Treasury Offset Program until any and all monetary penalties are satisfied and paid in full by Defendant.

    8.    **Transferring and Liquidating Assets.** Defendant understands and agrees that Defendant is prohibited from transferring or liquidating any and all assets held or owned by Defendant as of the date this Plea Agreement is signed. Defendant must obtain prior written approval from the U.S. Attorney's Financial Litigation Unit prior to the transfer or liquidation of any and all assets after this Plea Agreement is signed and if Defendant fails to do so the Defendant understands and agrees that an unapproved transfer or liquidation of any asset shall be deemed a fraudulent transfer or liquidation.

    9.    **Future Direct Contact With Defendant.** Defendant and Defendant's attorney

acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact with Defendant during any period of incarceration, probation, and supervised release. Further, Defendant and Defendant's attorney understand that it is essential that defense counsel contact the U.S. Attorney's Financial Litigation Unit immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the U.S. Attorney does not receive any written acknowledgment from defense counsel within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney will presume that defense counsel no longer represents Defendant and the Financial Litigation Unit will communicate directly with Defendant regarding collection of the financial obligations imposed by the Court. Defendant and Defendant's attorney understand and agree that such direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant if defense counsel fails to notify the U.S. Attorney of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

10. **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and to appeal the conviction and sentence, in exchange for the U.S. Attorney entering into this plea agreement and accompanying plea supplement, hereby expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):

    a.     the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United

States Code, Section 3742, or on any ground whatsoever, and

  b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

  c. any right to seek attorney fees and/or costs under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

  d. all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by Defendant or by Defendant's representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

  e. Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

**Defendant waives these rights in exchange for the United States Attorney entering into this plea agreement and accompanying plea supplement.**

11. **Complete Agreement.** It is further understood that this plea agreement and the plea supplement completely reflects all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi, the Civil Rights Division and Defendant.

**Defendant and Defendant's attorney of record declare that the terms of this plea agreement have been:**

1. READ BY OR TO DEFENDANT;
2. EXPLAINED TO DEFENDANT BY DEFENDANT'S ATTORNEY;
3. UNDERSTOOD BY DEFENDANT;
4. VOLUNTARILY ACCEPTED BY DEFENDANT; and
5. AGREED TO AND ACCEPTED BY DEFENDANT.

WITNESS OUR SIGNATURES, as set forth below.

GREGORY K. DAVIS
United States Attorney

_____           1-7-15
GLENDA R. HAYNES                    Date
Assistant United States Attorney

VANITA GUPTA
Acting Assistant Attorney General
Civil Rights Division

_____           1-7-15
SHELDON L. BEER                     Date
Trial Attorney

_____           1-7-15
PAIGE M. FITZGERALD                 Date
Deputy Chief

_____           1-7-15
JOHN LOUIS BLALACK                  Date
Defendant

_____           1-7-15
ROBERT WALLER                       Date
Attorney for Defendant

7